Per curiam.
 

 If an indorsee keeps the paper so long in his hands as to make it his own,
 
 ex necessitate,
 
 it must be a discharge of the precedent debt, though not so originally. It would be absurd to say he could keep the note, and also recover for the precedent debt; the case cited admits it may become ec*
 
 -ex post facto.
 
 It means that a note endorsed is not a discharge of a precedent debt unless agreed to be so, except in the case where the holder keeps it an unreasonable time in his possession , and then it may; and that this is fit to be left to the jury. — Iu ■order therefore, to determine whether the note in question be s discharge or not, we must resort to the indorsement and to the law upon it, and draw conclusions from them. The indorsee ■of a bill of exchange undertakes in reasonable time to preseas the bill for acceptance, and then for payment; and in case of nonacceptance or non-payment, to give notice thereof in reasonable time t*> the indorser. The indorser can never support an action unless he performs all parts of this undertaking ; he must prove, the giving of notice, or in case of the non-acceptance of a bill., prove that there were no effects of the drawer’s in the drawee’s hands
 
 ;
 
 that is to say, if he or the payee means to resort to the
 
 *48
 
 drawer: But this proof in excuse of not giving notice, only can apply to the case of a bill of exchange not accepted : for if it he accepted, that is full proof that the drawer has effects in the hands of the drawee, or that he has credit upon hisn ; but such proof in excuse of want of notice, can never be given in case of anote endorsed, for there the maker has accepted at the time of drawing or making the note, and the indorsee cannot say he had no effects of the drawer in his hands. As to the point, whether notice is necessary ia case of a promisory" note, every reason which requires it in the case of a bill, holds equally strong in the case of a note. The case of Tindal and Brown is a case upon a note, so was that of Russell and-, reported by Douglass in the case cited from Kidd.
 
 79.
 
 It is expressly stated, that notice in case of a note is necessary to entitle the holder to- his action : these cases which state the law to be otherwise, are old cases decided before the law respecting bills and notes had advanced to its present degree of perfection. As to what shall be deemed notice sufficient, the indorser must have notice thereby from the indorsee, that he cannot obtain payment, and that he the indorsee looks to the indorser for payment. The argument that the insolvency of the maker of the-note would be an excuse to the indorsee for not giving notice, seemed to be of some weight when first offered, but upon consideration, it has none : The indorsee ought to give notice, for perhaps the indorser may procure payment by the help of friends, or by some means unknown to the indorsee, and not within his power. Kidd.
 
 79,
 
 abridging the cases in the books, says, if the maker of the note be insolvent, the indorsee must give notice to the indorser; the same is laid down in Bl. Re.
 
 747.
 
 And Lee, in arguing the case of Russel & Langstaff, said, that Lord Mansfield had non-suited many plaintiffs at
 
 nisiprhis
 
 for want of notice, although it were proved that the maker of the note or drawee of the bill was insolvent; and in the case of Goodall and others
 
 vs.
 
 Dolley,
 
 1
 
 Term, 712, where the drawee and drawer were both insolvent, and the counsel to excuse the want of notice insisted upon that circumstance, it was answered to be perfectly elear, that the law was otherwise ; and that answer prevailed sofarboth with the counsel and the bench, that the paint was instantly abandoned, and no more notice taken of it. With respect to what shall be reasonable, it must be laid down in general, that the party shall give notice as soon as he conveniently may, all circumstances considered, but the court will say what time is reasonable ; and if the jury allow beyond that time, the court will set asidetheir verdict; otherwise one jury might think onetime reasonable, knother another, and so on,
 
 ad
 
 infinitum, so that there would be not the least certainty.
 

 Verdict set aside, and a new trial ordered.